UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUDY A. DEROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV00802 AGF |
| ) | |
| CITY OF MANCHESTER, MO, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This employment discrimination matter is before the Court on Defendant City of Manchester's motion for judgment on the pleadings as to Counts I through V of Plaintiff's six-count complaint. Defendant argues that Counts I through V are barred by the statute of limitations. The Court agrees.

**BACKGROUND**

Plaintiff, a female over the age of 40 with alleged disabilities protected by the Americans with Disabilities Act ("ADA"), was terminated from her job with Defendant as Director of Parks on April 10, 2008. On October 2, 2008, Plaintiff filed discrimination charges with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). On July 13, 2009, the MCHR issued Plaintiff a Notice of Right to Sue, and on October 13, 2009, she filed a complaint against Defendant in this Court, alleging wrongful termination (4:09CV1696 CEJ). On October 27, 2009, the EEOC issued Plaintiff a Notice of Right to Sue. On April 27,

2010, the Court granted Plaintiff's counsel's motion to withdraw, and on May 20, 2010, Plaintiff's motion to dismiss the case without prejudice was granted.

On May 6, 2011, Plaintiff filed the present cause of action, alleging that her termination violated the ADA (Counts I & II); the Rehabilitation Act of 1973 (Count III); Title VII of the Civil Rights Act of 1964 (Count IV); and the Age Discrimination in Employment Act (Count V). In Count VI, she asserts claims for violation of her equal protection rights under the federal and state constitutions.

Defendant argues that Counts I through V are time-barred under the applicable statutes of limitations[1] because this action was filed more than 90 days after Plaintiff received her right to sue notices, and the dismissal without prejudice of her first and timely action against Defendant did not toll the statutes of limitations.

Plaintiff maintains that the applicable statutes of limitations should be equitably tolled.  In an affidavit filed in support of her response to Defendant's motion to dismiss, Plaintiff attests that during the pendency of her original lawsuit, her attorney was diagnosed with cancer, that she was unsuccessful in finding another attorney, and that she therefore dismissed the case without prejudice.  Plaintiff attests that her attorney discussed the statutes of limitations with her, but that she "did not understand, nor fully realize, the consequences of [her] decision to ultimately dismiss the litigation without prejudice."  Plaintiff attests that she believed that the matter could be filed again within one year from the dismissal.  Plaintiff further attests that she too had problems with her

---

[1]  42 U.S.C. § 2000e-5(f)(1) (Title VII claims); 42 U.S.C. § 12117(a) (ADA claims); 29 U.S.C. § 626(e) (ADEA claims).

2

health, which prevented her from "focusing on the relevant issues related to [her] litigation." Plaintiff argues that her delay in filing the second lawsuit was excusable, and that equity and fairness dictate that the first five counts of the current action should be permitted to proceed. Defendant replies that equitable tolling does not apply to the circumstances alleged by Plaintiff.

## DISCUSSION

"A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)). As Defendant argues, the pendency of Plaintiff's first lawsuit against Defendant, which was dismissed without prejudice, did not toll the statutes of limitations. *See Ransom v. Winter,* No. 4:06CV1702 FRB, 2009 WL 261584, at *5 (E.D. Mo. Feb. 4, 2009). "'Once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed.'" *Id.* (quoting *Garfield v. J.C. Nichols Real Estate,* 57 F.3d 662, 666 (8th Cir. 1995)). When Plaintiff filed the present suit, the statutes of limitations applicable to Counts I thought IV had run, and Plaintiff does not argue otherwise.

The applicable statutes of limitations, however, are subject to equitable tolling. *See Frazier v. Vilsack,* 419 F. App'x 686, 688 (8th Cir. 2011) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)). "Equitable tolling is only appropriate when the circumstances causing a plaintiff to miss a filing date are out of her hands." *Waugh v. Potter,* No. 4:06CV00827 JCH, 2006 WL 2990499, at *2 (E.D. Mo. Oct. 19, 2006)

3

(citations omitted).  "Situations where equitable tolling is appropriate include when the plaintiff has received inadequate notice [from the EEOC], a motion to appoint counsel is pending, the court leads the plaintiff to believe nothing more is required of her, or there is affirmative misconduct by the defendant." *Id.* (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).  In addition, courts allow equitable tolling based on a mental condition that "prevented him or her from understanding and managing his affairs generally and from complying with the deadline that he seeks to toll." *Lyons v. Potter,* 521 F.3d 981, 983 (8th Cir. 2008) (quoted source omitted).

       The circumstances Plaintiff asserts here do not justify the use of equitable tolling. Plaintiff has not alleged that she was incapacitated due to her medical problems, and her "unfamiliarity with the law does not provide justification for tolling the statute of limitations period." *See Hill v. Dunklin Cnty. Health Dep't,* No. 1:10CV168 SNLJ, 2010 WL 5088252, at *1 (E.D. Mo. Dec. 8, 2010); *Luckett v. Herbster-Hellweg Painting*, No. 4:08CV00187 FRB, 2008 WL 2620894, at *2 (E.D. Mo. June 27, 2008) (holding that the plaintiff's allegations that his lawyer misinformed him regarding the filing deadline, that someone close to him died in the month that the Title VII limitations period ran, and that he did not know what he was doing did not warrant equitable tolling).  Even if Plaintiff's attorney in her first action mistakenly told her that she would be able to refile the lawsuit within one year without running afoul of the statute of limitations, this would not warrant equitable tolling.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of Manchester's motion for partial judgment on the pleadings is **GRANTED**.  (Doc. No. 14.)  This case shall proceed on Count VI only.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2011.